**In re Sharon K. MULLINS, Debtor.**

**Bankruptcy No. 190–03736–A–7F.**

United States Bankruptcy Court, E.D. California.

Dec. 13, 1990.

Carol D. Mills, Frandzel & Share, Fresno, Cal., for AVCO Financial Services.

Hal B. Havlisch, Fresno, Cal., for debtor.

## MEMORANDUM OPINION

RICHARD T. FORD, Bankruptcy Judge.

On August 3, 1990, Sharon K. Mullins, by and through her attorney, Hal B. Havlisch, filed an individual voluntary petition for protection under Chapter 7 of the Bankruptcy Code. Ellen Briones was appointed as Trustee on August 15, 1990. The first meeting of creditors concluded September

12, 1990, with the Trustee's report indicating a no asset case.

On October 15, 1990, AVCO Financial Services (Avco), by and through Carol D. Mills of Frandzel and Share, filed a Notice of and Motion for Relief from Stay against Mullins and the Trustee. Although the Notice of Motion indicates that the Motion is made pursuant to Local Rule 3, Part C., the Motion at page 3, paragraph 14, indicates it is brought pursuant to Local Rule 21, part C. General Order 89–1, dated May 11, 1989, and effective June 1, 1989, specifically states in paragraph III that Local Rule 21 (which was never used in the Fresno Division of the Eastern District of California) was renumbered to Local Rule 3. Local Rule 3 became effective and was adopted for use by the Fresno Division of the Eastern District of California on June 1, 1989.

Local Rules 3(C) and 3(D) govern the proceedings in relief from stay motions. Under Local Rule 3, a Motion for Relief from Stay brought pursuant to Section (C) is deemed a final hearing in that the Motion shall be heard within thirty (30) days of the date the Motion is filed. Further, all accompanying points and authorities, affidavits or declarations, other supporting papers, and other evidence shall be filed prior to the hearing of the Motion under Section (C). Local Rule 3(C)(3). Conversely, Section (D), the alternative procedure, explicitly states that the Notice of Motion under this part shall clearly indicate that the Motion is brought under Section (D) and that the hearing will be a preliminary hearing. For purposes of this opinion, the Motion will be viewed as one under Local Rule 3(C) as the Notice of Motion states this, the Motion at page 3, paragraph 14 specifies the hearing was *not* a preliminary hearing, and a Declaration in support of and an Exhibit "A" as required under Local Rule 3(C) all accompanied the Motion at the time of filing.

Avco's Motion alleges relief from the automatic stay should be granted on two grounds. First, Avco alleges relief is warranted under § 362(d)(2) in that the Debtor lacks equity in the 1990 Ford Mustang vehicle, and, as this is a Chapter 7 case, the vehicle is not necessary for, nor is reorganization contemplated. Secondly, and alternatively, Avco alleges cause exists under § 362(d)(1) in that Avco is not adequately protected as the Debtor has not made payments, yet continues to use and possess the vehicle, thus depreciating its value.

This matter came on for hearing November 13, 1990, at which time Carol D. Mills appeared for Avco. There were no appearances for the Debtor or Trustee. Argument was received, and the matter then submitted.

This opinion constitutes this Court's findings of fact and conclusions of law. Jurisdiction exists pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(a) and (b)(1) and (b)(2)(G).

## DISCUSSION

■■■ The party seeking relief from stay to proceed against property of the estate on the basis of lack of equity therein has the burden of proof on that issue. 11 U.S.C. § 362(g)(1). The opposing party has the burden on all issues other than lack of equity. *Ibid.* Implicit in motions for relief under Local Rule 3(C) is that a prima facie showing through the use of competent evidence be made indicating relief is warranted. As Local Rule 3(C) motions are treated as final hearings, all evidence must necessarily be submitted prior to the hearing and conform to those requirements expressed in the Bankruptcy Rules, Local Rules, Rules of Evidence and adopted guidelines used by this Court.

In support of Avco's Motion, a photocopy of a facsimile document bearing an original signature of the declarant was submitted as evidence of the alleged lack of equity and cause for termination of the automatic stay. Bankruptcy Rule 9011(c) provides:

"(c) **Copies of Signed or Verified Papers.** When these rules require copies of a signed or verified paper, it shall suffice if the original is signed or verified and the copies are conformed to the original."

Local Rule 3(C) makes no allowance for the use of copies. Rule 9011(c) presumes the existence of a *signed original* document where copies are not required. It necessarily follows that only original documents may be submitted in support of all motions, applications, etc. brought under Local Rule 3.

The editor comments to Rule 9011(c) state that when copies are necessary, certified or conformed copies will suffice and only the *original* need be signed. Norton, *Bankruptcy Law and Practice*, Rule 9011(c) 1989–90 Edition, Editor Comments p. 806 (Callaghan). Conformed copies are exact copies of original documents, which, where such an original document is a declaration, requires the declarant's signature on the original document.

"Original document" is defined as an archetype. Black's Law Dictionary 5th ed., West Publishing Co. (1979). "Archetype" is "the original from which a copy is made." Ibid. "Original" is defined as preceding all others in time: FIRST; not derived from something else; being the source from which a copy, reproduction, or translation is made; not secondary, derivative, or imitative. Webster's Ninth New Collegiate Dictionary, Merriam–Webster, Inc. (1987); see also Webster's II, New Riverside University Dictionary, Merriam–Webster, Inc. (1984).

The only document submitted as proof for the allegations in the Motion for Relief was a photocopy of a *facsimile document* that bore an original signature of the declarant. The date is typed in on this photocopy and the signature is on the signature line. In both places, it is obvious that the *original* document was blank when faxed and subsequently copied for signature. Therefore, the document submitted, on its face, plainly shows that there exists *no original document signed* by the declarant.

Moreover, Mills' own statements at the hearing clearly indicate that the original document was unsigned and that the document submitted was a "copy." The pertinent part of the hearing is as follows:

"Court: Is it an original document?

Mills: Yes, your honor, it is. It's the only signed original.

Court: Let me see. It's originally signed but its not an original paper document as I understand the wording. How did you receive it?

Mills: How did I get the copy back? Through the mail.

Court: Well, you just referred to it as a copy—do you refer to it as a copy?

—pause—

Mills: The document came back in the mail with the original signature.

Court: Okay, this is not an original document as I understand the term."

Clearly, the document submitted is a duplicate under the plain language of Federal Rules of Evidence Rule 1001(4). Where the contents of a writing are sought to be proved as in this case (lack of equity and that the property is not necessary for an effective reorganization, and cause, being lack of adequate protection), the Original Writing Rule requires submission of the original document. Federal Rules of Evidence Rule 1002.

While a duplicate under normal circumstances might be acceptable for the sake of convenience, it is unfair in this instance to allow a duplicate document to satisfy the proof requirement in light of the clear requirement under Rule 9011(c) of the existence of a signed original document, this Court's understanding and the definition of that term, the known policy of this Court against receiving facsimile documents and photocopies of facsimile documents, and the fact that this is a final hearing for relief from the automatic stay.

This Court finds and holds that Avco has failed to meet its burden respecting lack of equity in the estate property and moreover that Avco has not submitted cogent evidence making a prima facie showing upon which relief could be granted. The only evidence submitted in support of their motion clearly indicates that the original declaration is unsigned. For the above reasons, relief is DENIED.